May it please the Court, this single creditor, single asset, involuntary Chapter 7 case was filed by a judgment creditor owed a non-dischargeable debt. The case is of no benefit to the debtor because the debt is non-dischargeable and the case Well, if an amount were paid through the bankruptcy, wouldn't that benefit the debtor? I don't see how, unless the entirety of the judgment were paid Well, I mean, if there's a $14 million non-dischargeable debt, if $5 million is paid, there's a $9 million, isn't that a benefit? In some sense, that would reduce the debtor's liability In a pretty easy arithmetic sense, wouldn't you say? I would say, in some sense, that that's a fair point Not maybe in total Not in total Okay, maybe, okay, fair enough But, but, but counsel, it has the possibility, if it was a complete recovery, to wipe out the non-dischargeable obligation That's true, there is a possibility, if it was a complete recovery, of wiping out the non-dischargeable obligation So it goes from 0 to 100%, but there's no detriment to the debtor if there's a recovery There's no detriment to the debtor, there is a detriment to the debtor by allowing the case to proceed Well, isn't that the debtor's complaint to make? Debtor isn't making that complaint The debtor, so, this goes, obviously, to the standing issue But, in terms of the merits of the case, there is a detriment to the debtor in allowing Not your call to make That's, on the standing question, that's right I was talking about it from a policy perspective, which I think is where the merits go here It's a proper invocation of the Bankruptcy Code I guess, to Mr. Lafferty's point, factually, that isn't really how it lines up You are making an assumption that this is detrimental to the debtor I am making an assumption that this is something that the debtor does not want to participate in Because I think that assumption is borne out by the record of the debtor's non-appearance and non-participation in this case And not willingness to follow the bad faith action Right, the debtor has not pursued a bad faith litigation against my client And has not assigned that bad faith litigation But isn't it a fair inference, equally, that the debtor just doesn't care? I think there is inference that an individual who is under a court order If someone just didn't care and they were under no, you know, it didn't matter either way That would be one thing He hasn't showed up 12 times for 341s Right, and that's a violation of his obligations And he's been obligated to prepare schedules and statements, for example And he has not done so So I think if this were a free issue In the sense that he wasn't subject to any obligation to do something And he just didn't do it Then I would agree that the inference could be either way That he just doesn't care Or that he doesn't want to do something But counsel, in a situation where your client is not the one at stake But where a debtor is refusing to take action to preserve assets So a creditor of the estate brings an involuntary to preserve that asset For the benefit of the estate That's a... Even if it's against the debtor's purposes Even if the debtor doesn't like it It's still a valid action To bring an involuntary bankruptcy proceeding Simply to preserve a cause of action Well, I respectfully disagree with that, your honor For two reasons Number one, it's not preserving a cause of action So the cause of action will be in existence regardless Of what happens with this bankruptcy or without this bankruptcy But if a recalcitrant debtor refuses to take action To litigate the claim And it could then be barred by the statute of limitations An involuntary bankruptcy proceeding That puts a trustee in position To exercise that cause of action Is a valid use of the bankruptcy code Isn't it? I respectfully disagree, your honor, for this reason The California state rules that we are dealing with But that protects you We're talking about the estate here If it was a fraudulent conveyance claim And the debtor refused to go after the fraudulent conveyance The transferee doesn't have standing Or doesn't have a bad faith argument That it doesn't want to get sued in the bankruptcy court By a trustee Because it doesn't want to defend the claim That's what you're arguing here, essentially Isn't it? I don't quite think so So let me take a step back then And talk about the Murphy Not Murray case The Murphy case Which is the 1976 California Supreme Court case That establishes this rule That this entire involuntary case Was designed to get around So in the Murphy case In a very similar situation We had a plaintiff Who was a wrongful death case Who sued a tortfeasor For the wrongful death of her son The tortfeasor was insured by Allstate Allstate insurance company Rejected a $25,000 policy limit demand Ms. Murphy was ultimately Awarded a judgment of $42,000 So an excessive policy limit Allstate paid those policy limits Paid the $42,000 I'm sorry Paid the $25,000 Counsel The bottom line is You want to raise that in defense In the state court You're welcome to do that You're asking us to dismiss the bankruptcy case To reverse the order of the bankruptcy judge That found you didn't have standing And found there's nothing untoward About filing an involuntary bankruptcy case And you're basing it upon your claim That state law wouldn't permit this Who cares what state law has to do with this situation We're looking at whether the code And the trustee have the right to proceed That's all we're concerned about And whether you have the ability To have the case dismissed Isn't that what we're concerned with today Well so for today we are concerned Number one with standing I agree with that And then number two with the bankruptcy policy issue Which goes to the merits So if you'd like me to address the standing issue first I'm happy to do that Go to bad faith first Go ahead why don't you try standing Okay sure So on standing there's two issues There's constitutional standing Which is do we have a concrete and particularized Injury in fact Is it traceable To the issue That we're challenging And would it be redressed by a favorable decision Here we have a concrete and particularized Injury in fact in the sense that we are Defendant in a state court Lawsuit for $14 million That could not have been filed But for the bankruptcy case But that That right to sue you belongs to the debtor Right That is correct It also could be transferred by the debtor Assigned by the debtor To what It can be voluntarily assigned Not involuntarily But I think The filing of the bankruptcy case doesn't cause Your injury Which is the filing of the lawsuit That's a determination made by the trustee In the chapter 7 case isn't it Well the fact that we are a Defendant in a lawsuit That has been brought by a chapter 7 Trustee Who could not bring that lawsuit But for the existence of the bankruptcy Case Means that we have a concrete And particularized injury that is traceable Now it may have many traceable Facts right something can be caused by Many things so It's true that the bankruptcy could have been filed And the trustee could have said No I'm not going to file a lawsuit Right That would certainly be true But one factor that is causing our concrete And particularized injury here Is the tendency of this bankruptcy case Absolutely Well I'll try it a little bit different way Because I think I'm saying What I think I heard Judge Gant saying The bankruptcy doesn't create A cause of action it's there What the bankruptcy does is put somebody In place of an inexplicably Recalcitrant debtor to do something for the benefit Of the creditors of the bankruptcy estate What is wrong with that And how does that Act by itself give you I mean I realize there's kind of That's going to Happen to you you'd rather not be sued I understand that but how does the bankruptcy Itself directly affect Your standing as opposed to something bad Is going to happen down the road Because Those are two very different questions Right because California state law So we're talking about the Murphy case The judgment was entered for an excessive Policy limit The plaintiff in the Murphy Case said I want the full judgment Went to the California Supreme Court They said no That ability to sue The defendant's ability To sue his insurer Is something that is assignable To you if he makes A voluntary assignment it cannot Be levied or executed upon And the reason it gave was as follows It said look If we allowed plaintiffs To go ahead and just levy And execute on a bad faith claim That's held by the defendant Then those defendants other assets They would lose all bargaining power Right and their other assets Would be exposed The question is whether the bankruptcy The effect of a bankruptcy filing is what the Supreme Court Was worried about I'm not convinced it is You're at your five minutes would you rather Proceed or reserve your time No I'll reserve my time Thank you If it please the court Although Appellant attempts to Obfuscate the issues in order to Manufacture an error of law attributable To the bankruptcy court This case is fairly straight forward This appellant Did not have standing to bring a motion To dismiss this bankruptcy case Didn't have Constitutional standing Didn't have prudential standing They rely almost entirely Upon the Murray case And in the Murray case There was a decision by the bankruptcy court By the district court By the second circuit And although the Murray case went the other way On a set of different facts Really it was a motion brought By the debtor It was not by the target of a litigation Which is what we have here But Murray All three of those decisions say It's within the discretion of the court The bankruptcy court here Reviewed all of the factors This isn't merely a recalcitrant debtor This is a really bad debtor This is a debtor who ran over This creditor and Continued running over him And tried to flee the scene Creating egregious injuries In this creditor We're not going to try the facts No offense Can I go back to Murray for a second Can you remind me Whether the point of Murray was to Not create a cause of action But create a bankruptcy specific Means of realizing on an asset That would not have been Available otherwise The asset was already in The bankruptcy estate Your honor It was a tenant In the entirety That under New York law The creditor only had the ability To reach part of The estate It affected the value of the asset And there in Murray The bankruptcy court said There were other remedies The creditor had a right to a lien I know you didn't want to get Into the facts Is it true That part of the disquiet That Judge Gerber had in Murray Was bankruptcy Is maybe artificially creating A doctrinal outcome here That wouldn't have been available otherwise That's true your honor And you would say that's not true here What's true here is somebody is just Substituting in for a party That's right It's a doctrinal outcome right Right The bad faith insurance claim Existed your honor In the debtor The statute of limitations hadn't passed And the trustee Picked it up And prosecuted it Once the order for relief Was entered So counsel Even if the bankruptcy case Was dismissed The debtor doesn't prevent The debtor himself If he wanted to from intervening in that action And again Completing the prosecution Or if the case was Dismissed The debtor could assign the claim To Wood and Wood could intervene In that litigation In other words The dismissal of the bankruptcy case Doesn't necessarily end the litigation In state court It just In the insurance Company's view makes it more likely That it wouldn't proceed The cause of action is the cause of action They have no control over The cause of action or whether it gets Litigated The insurance company doesn't I believe that's correct your honor The debtor would Have the option to come in And intervene I don't know what the statute If All the procedural issues in state court On intervention But I would think The case wouldn't automatically be Dismissed I'd imagine there would have to be some Sort of order to show cause Notice to the debtor about taking it Over So I think that's I was just trying to address the Redressability question that he was Suggesting that this would In fact mean that they They win and I don't see the Relationship necessarily between The dismissal Of the bankruptcy case and the Existence of the cause of action against Them I believe that's correct your honor Maybe I could address some of the Bad faith the question of whether This is a Bad faith filing as they've asserted Your honor There were a number of Distinguishing well first of all Murray didn't say it was a bad faith Filing murray declined to Make that ruling although it did use some strong Language But the Because of the variety of factors that Existed in murray the Court was found to have discretion Within that was Within their discretion to Determine that dismissal was Appropriate murray talked about whether 702 a was the proper Basis to dismiss or whether 303 was the focus And they and they did focus on Section 702 and that that was The part that was there that was Also affirmed upon appeal That that 702 applies Even an involuntary even before An order for relief was entered one Of the distinguishing factors here too Is the order for relief was entered 18 months ago Was entered april 30th 2019 and here we are You know the and this is an argument And the the bankruptcy judge agreed With it that you know in the interim The the the insurance company Hasn't didn't do anything until Recently the trustee Was appointed the trustee hired general Counsel the trustee hired special Counsel It was commenced we've incurred expenses We've you know tried to force The debtor to appear in the 341 A meeting We got an extension to do that We filed a complaint got this Discharge denied we Filed schedules we had to investigate Work with the creditor to prepare Schedules that was all authorized By court orders nobody came In and opposed it even though the The carrier was on notice of Every one of these items Each of these steps So there there's Also a reliance issue coming in 18 months later murray was in The involuntary stage before an order For relief no order for relief Was entered in that case And to to to challenge A bankruptcy case This far along by the target Of the litigation itself The i think that's a wrongful Use of of of the motion To dismiss We're there a question i'm sorry No Okay Your your honors The standing issue Is important There has to be constitutional standing Here there isn't The requirement Is That the appellant Have an actual or imminent Injury in fact it is directly Attributable to the bankruptcy Filing not to the lawsuit To the bankruptcy filing Prudential standing is the same thing They they say that they don't even need To be a party in interest well Nobody should be allowed to come In off the street and And challenge a bankruptcy That that they're they they Have the opportunity if they had a right to File a if they thought they were owed money to file A proof of claim they didn't They're not the debtor The debtor didn't come in here and oppose this Bankruptcy filing again The debtor this is the debtor is a scoundrel This is You know the trustee Submits that this is an appropriate use Of an involuntary case And that That it's too late now to be coming in And when Administrative creditors Have have taken action in Reliance on a bankruptcy case There's an argument made in their brief That well my firm's Employment application said that our Engagement was effectively Contingency for Our hourly rates That's true with respect to the contingency Of the recovery in the lawsuit To pull the Rug out from under us 18 months Later because And challenge it That wasn't the contingency we Signed on for there was a bankruptcy Case and we acted in reliance on a Bankruptcy case Your honors Again the bankruptcy judge Was well within his discretion Under these facts To dismiss or to deny The motion to dismiss The judge was correct That the appellant Lacked standing and Your honors Should affirm Any further questions I don't have any Judge Spranker Thank you very much Thank you your honors Mr. Fister you've got about Five minutes a little under five minutes Thank you your honors Let me touch on a few points First of all on standing Again a fact may be caused by Many different causes But the fact of the matter is Is that my client is a defendant In a litigation where the plaintiff Is a bankruptcy trustee And if the bankruptcy case were to be Dismissed that litigation Would go away Does that mean Counsel does that mean that if the debtor Voluntarily filed it would be bad faith No it does not mean That at all if this is an involuntary Case and this is the use Of an involuntary case as a Judgment enforcement mechanism To which the debtor has not complained So that's the standing issue But the 707 issue Once you have I agree You have to have standing And my point on standing is We are a defendant in a lawsuit That will go away It goes to bad faith too Because you are saying it's bad faith Because you are doing something That shouldn't happen But the debtor controls The ability to say to come in here And wait on that scale and has chosen Not to In terms of the debtor's absence Let me say this I think there's an interesting point to be made here First of all Mr. Israel says the debtor is a scoundrel Well the debtor in Murray was a scoundrel As well the debtor in Murray Happened to be a well-heeled scoundrel Who came in And hired counsel And they made a motion under 305 Which obviously is Inapplicable or An inappropriate way of Seeking dismissal given the standard Under 305 which is that it has to be In the best interest of all creditors So what Judge Gerber said was No 305 doesn't work Debtor's a scoundrel Absolutely But what Judge Gerber said is I have authority Under 707A And 707A is about the integrity of the system As a whole And what is a proper use of the bankruptcy code And it's not proper here To use the bankruptcy code Counsel Counsel But counsel isn't really Distinguishing feature in Murray that There was one, an objection by the debtor Who was the involuntary You know Putative debtor in the case Number two, his wife Who owned the other part of the property Did not want to have a 363H Sale She didn't want to convey her interest  To utilize a provision of the code That otherwise they couldn't force a sale Under state law There's nothing that's changed in your case The state law Contractual obligation under your policy Isn't altered by the appointment of a trustee The defenses that you have Are not altered by the Appointment of a trustee The cases that you relied upon Thorpe and GTI Actually altered the insurance company's Defenses Increased their liability That's what gave them standing You don't have any of those circumstances Present here Well, so let me address the wife point That point did come up at the bankruptcy court There is nothing in The Murray decisions, either Judge Gerber's decision, the district court's Decision, the second circuit's opinion It talks about Mr. Murray's wife Who did not appear in the bankruptcy case I think that's frankly speculation As to the idea that Judge Gerber Was really out to protect Mrs. Murray But to go back To my point of a second ago We had a well-heeled Scoundrel in Murray who hired Counsel who made an incorrect argument Here we have a debtor who's not a well-heeled Individual and may well be a scoundrel But he's a Elderly and Non-native speaker of English Unlike Mr. Murray who had Boats and accounts in the Bahamas And the like Mr. Venegas Does not have those resources Did not hire counsel, did not come in However, what do we Know about whether he wants this case To proceed? We know that He has disobeyed every single court order He has essentially, as you might say, voted with His feet in the sense of not Showing up, and I'm not Excusing that conduct But you're trying to make an Argue that the case should be Dismissed because he hasn't Actively participated so you're Suggesting that that proves That you have standing in the case To assert his arguments, which is I don't want this case to go forward I would disagree with that In the sense that I'm not relying on Him to say I have standing I'm saying at that basis for Distinguishing the Murray case What I think that has more to do with Is the respective economic Postures of Mr. Murray versus Mr. Venegas. My standing is As articulated, which is My client is a defendant in a Case that could not have been brought But for this bankruptcy filing Well, can I correct that? It's not couldn't have been brought Wouldn't have been brought Was not brought Was not brought It could have been brought, right? That's the point It could have been brought by Mr. Venegas, yes Or could have been assigned by Mr. Venegas To Mr. Wood That is true, but it cannot have been Involuntarily brought against My client by somebody Other than Mr. Venegas as a matter Of California law That's the key Okay, all right We're a little over our time Any last questions from the panel? Okay, thank you. This is a fascinating issue And by the way, none of this suggests What the outcome is going to be if you actually litigate This in the AP. I understand you have Defenses all over the place there Mr. Pfister, so Even if we don't see this your way, I'm sure You'll have many good things to say The matter is under submission. Thank you both For your very good arguments Thank you, your honor
judges: Lafferty, Spraker, Gan